IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| SUSAN JEANETTE PALMA ) | |
| DONALD CRAIG PALMA ) | Case No. 16-10471-BFK |
| ) | Chapter 7 |
| Debtors ) | |
| ) | |
| JANET M. MEIBURGER, Trustee, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Adv. Pro. No. _____ |
| ) | |
| LUCY K. PALMA ) | |
| ) | |
| Defendant ) | |

**COMPLAINT TO AUTHORIZE SALE OF PROPERTY
OF THE BANKRUPTCY ESTATE AND OF CO-OWNER
PURSUANT TO BANKRUPTCY CODE SECTION 363(h)**

Janet M. Meiburger, the Chapter 7 Trustee in the above-named case, by her undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 7001(3), hereby files this Complaint to Authorize Sale of Property of the Bankruptcy Estate and of Co-Owner Pursuant to Bankruptcy Code Section 363(h), and in support thereof states as follows:

**JURISDICTION AND VENUE**

1.     This Court has subject matter jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157 and 1334.

---

Janet M. Meiburger, VA Bar No. 31842
The Meiburger Law Firm, P.C.
1493 Chain Bridge Road, Suite 201
McLean, VA 22101
(703) 556-7871
Counsel to Plaintiff

2. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. 157(b)(2)(A), (M) and (O).

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1409.

## PARTIES

4. On February 11, 2016 (the "Petition Date"), Susan and Donald Palma (the "Debtors") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

5. Janet M. Meiburger was appointed Chapter 7 Trustee on February 12, 2016 (Docket No. 3).

6. Lucy K. Palma is the former wife of Donald Palma.

## FACTS

7. The bankruptcy estate includes Donald Palma's 50% interest in real property located at 302 Inglewood Drive, Rochester, New York 14619 (the "Property"). The Property is a single family residence. Lucy K. Palma lives in the Property.

8. Donald Palma and Lucy Palma were married in the City of Rochester, New York on May 11, 1991. They purchased the Property on October 30, 1991. However, they were divorced pursuant to a Final Decree of Divorce which was entered in Monroe County, New York on March 16, 2010.

9. As a result of their divorce, Donald Palma and Lucy Palma each own a 50% interest in the Property as tenants in common.

10. The Debtors valued the Property on their schedules at $75,000.00. Their Schedule D shows two deeds of trust on the Property, one in favor of Citizens One Mortgage, in the amount of $17,756.00 and one in favor of Citizens Bank, in the amount of $8,496.00.

Therefore, it appears that there is significant equity in the Property over and above the mortgages.

## RELIEF REQUESTED

11. Pursuant to 11 U.S.C. § 363(h), a trustee may sell both the estate's interest and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if: (i) partition in kind of such property among the estate and such co-owners is impracticable; (ii) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners; (iii) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and (iv) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light or power.

12. Partition in kind of the Property between the bankruptcy estate and Lucy K. Palma is impracticable.

13. The sale of the bankruptcy estate's undivided one-half interest in the Property would realize significantly less for the bankruptcy estate than a sale of the Property free of the interests of Lucy K. Palma.

14. The benefit to the bankruptcy estate of a sale of the Property free of the interests of Lucy K. Palma outweighs the detriment, if any, to her.

15. The Property is not used in the production, transmission or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light or power.

16. Pursuant to 11 U.S.C. 363(h), the Plaintiff respectfully requests entry of an order allowing her to sell the Property free of the interests of Lucy K. Palma as co-owner and requiring Lucy K. Palma to cooperate with the Trustee's efforts to sell the Property.

17. The Trustee will file an application for employment of a realtor once the relief requested herein has been granted. Any sale of the Property will be subject to the approval of the Bankruptcy Court, and the Trustee will file a motion to approve any such sale once there is a ratified contract for the purchase and sale of the Property.

WHEREFORE, the Trustee respectfully requests that the Court enter judgment against Lucy K. Palma, pursuant to 11 U.S.C. 363(h), authorizing the Trustee to sell the real property located at 302 Inglewood Drive, Rochester, New York 14619 free of the interests of Lucy K. Palma as co-owner, subject to her rights pursuant to 11 U.S.C. §363(i), requiring Lucy K. Palma to cooperate in the Trustee's efforts to sell the Property, and granting such other and further relief as the Court deems appropriate.

Respectfully submitted,

The Meiburger Law Firm, P.C.

Dated: October 20, 2017        By: /s/ Janet M. Meiburger
                                Janet M. Meiburger, Esq., VSB No. 31842
                                The Meiburger Law Firm, P.C.
                                1493 Chain Bridge Road, Suite 201
                                McLean, Virginia 22101
                                (703) 556-7871
                                Counsel for Plaintiff